CAUSE NO._____

| | | |
|---|---|---|
| **MARINA MONTES AND LIDIA** | § | **IN THE DISTRICT COURT** |
| **ELIZABETH GARCIA** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | **____ JUDICIAL DISTRICT** |
| **V.** | § | |
| | § | |
| | § | |
| **MICHAEL JAY MATLOCK AND** | § | |
| **QUALITY CARRIERS, INC.** | § | |
| **Defendants.** | § | **GALVESTON COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Marina Montes and Lidia Elizabeth Garcia, hereinafter called Plaintiffs, complaining of Michael Jay Matlock ("Matlock") and Quality Carriers, Inc. ("Quality"), hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiffs are individuals who reside in Texas.

3.      Defendant, Michael Jay Matlock, is an Individual who is a resident of Louisiana, and may be served with process at his home at the following address: 268 Hill Top Road, Shongaloo, Louisiana 71072. Service of said Defendant as described above can be affected by personal delivery.

4.      Defendant, Quality Carriers, Inc., is foreign limited liability company doing business in the state of Texas for monetary profit and may be served with process by serving its

**EXHIBIT A**

registered agent CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO at the
following address: 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant
as described above can be affected by personal delivery.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiffs seek:

        a.      only monetary relief of $200,000 and not less than $1,000,000 or less,
including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney
fees pursuant to TRCP 47 (c).

8.      Venue and jurisdiction in Galveston County are proper in this cause under Section
15.002(a)(1) of the Texas Civil Practice and Remedies Code because one or all the Defendants
reside in this County, or the cause of action arose in this County.

## FACTS

9.      On or about March 21, 2020, Plaintiffs were traveling at the intersection of East
FM 517 and FM 1266 in Galveston County, Texas. Plaintiff Marina Montes was driving and
Plaintiff Lidia Elizabeth Garcia was her passenger. Defendant Matlock was traveling in the same
direction, in the same intersection. Defendant Matlock was pulling a semi-trailer and was
attempting to make a left turn onto FM 1266. Plaintiffs were also making a left turn onto FM
1266. Defendant Matlock took a wide turn and collided with Plaintiffs. This caused Defendant
Matlock to strike Plaintiffs.

10.     This collision occurred due to Defendant Michael Jay Matlock 's negligence. As a
result of Defendant's negligence, Plaintiff suffered injuries.

11.     Defendant Quality was the owner of the vehicle that Defendant Matlock drove at the time of the collision. The vehicle was negligently entrusted to Michael Jay Matlock by Quality Carriers, Inc.  Defendant Matlock was also employed by Defendant Quality and was acting within the scope of his employment at the time of the collision. Defendant Quality is vicariously liable for the actions of Defendant Matlock.

**PLAINTIFFS' CLAIM OF**
**NEGLIGENCE AGAINST DEFENDANT MICHAEL JAY MATLOCK**

12.     Defendant had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13.     Plaintiffs' injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

14.     The negligent, careless, and reckless disregard of duty of Defendant Michael Jay Matlock consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant failed to keep a proper lookout for Plaintiffs' safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant failed to obey traffic lights and signals and caused the collision with Plaintiffs;

C.     In that Defendant failed to control his speed and collided with Plaintiffs;

D.     In that Defendant failed to turn his motor vehicle in an effort to avoid the collision complained of;

E.     In that Defendant failed to apply the brakes on his vehicle in an effort to avoid the collision complained of; and

F.     In that Defendant failed to avoid the collision with Plaintiffs.

## PLAINTIFFS' CLAIMS FOR NEGLIGIENT ENTRUSTMENT AND VICARIOUS LIABILITY AGAINST QUALITY VEHICLES, LLC

15.     Plaintiffs will show that at the time of the collision that is the basis of this suit, Defendant Matlock had authority to act on behalf of Defendant Quality.  Defendant Quality negligently entrusted the vehicle to Defendant Matlock, who is a negligent, reckless, and incompetent driver. Defendant Quality is vicariously liable for Defendant Matlock's actions.

16.     Defendant Quality is liable for Defendant Matlock's negligence. Under the doctrine of Respondeat Superior, an employer is vicariously liable for the negligent acts of an agent or an employee acting within the scope of his or her employment.  Defendant Matlock was driving a truck belonging to Defendant Quality at the time the accident occurred. Defendant Matlock's negligence caused the accident and caused the injuries that Plaintiffs have sustained. As a result, Defendant Quality is vicariously liable.

## DAMAGES FOR PLAINTIFFS

16.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to incur pain and suffering and to incur the following damages:

A.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiffs for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

B.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in all reasonable probability, will be suffered

in the future;

G.    Loss of earnings in the past;

H.    Loss of earning capacity which will, in all probability, be incurred in the future;

I.     Disfigurement in the past;

J.     Disfigurement in the future;

K.    Property damages

L.    Mental anguish in the past; and

M.   Mental anguish in the future.

## **JURY TRIAL**

17.    Plaintiffs respectfully request a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**Basu Law Firm, PLLC**

By: /s/ Adelyn Torres
      Annie Basu
      State Bar No. 24047858

Jordan Sloane
State Bar No. 24118537
Adelyn Torres
State Bar No. 24115833
Email:  info@basulaw.com
PO Box 550496
Houston, Texas 77255
Tel. 713-460-2673
Fax. 713-690-1508
**Attorney for Plaintiffs**